CRAWLEY, Presiding Judge,
concurring in the result.
I respectfully disagree with the main opinion’s reliance on cases that have blurred the line between jurisdictional issues and substantive determinations. More specifically, I disagree with the rationale in the main opinion indicating that a child’s “best interests” is a factor to consider when determining whether to transfer jurisdiction to an American Indian tribal court. As noted by the court in Yavapai-Apache Tribe v. Mejia, 906 S.W.2d 152, 168-69 (Tex.Ct.App.1995):
“The ‘best interest of the child’ is the backbone of American family law when custody is an issue. However, we find that consideration of the best interest of the child in determining whether good cause exists under section 1911(b) is improper because: (1) it defeats the very purpose for which the ICWA was enacted, in that, it allows Anglo cultural biases into the analysis; and (2) questions of ‘best interest’ are appropriate to issues of placement, not jurisdiction.”
(Citations and footnote omitted.) Ultimately, the Mejia court joined other jurisdiction that have rejected the best-interests standard for determining jurisdiction. Id. (citing In re J.L.P., 870 P.2d 1252, 1258 (Colo.Ct.App.1994); In re Armell, 194 Ill. App.3d 31,141 Ill.Dec. 14, 550 N.E.2d 1060 (1990), appeal denied, 132 Ill.2d 545, 144 Ill.Dec. 255, 555 N.E.2d 374 (1990), cert. denied, 498 U.S. 940, 111 S.Ct. 345, 112 L.Ed.2d 310 (1990); In re B.W., 454 N.W.2d 437 (Minn.Ct.App.1990); In re C.E.H., 837 S.W.2d 947 (Mo.Ct.App.1992); and In re Ashley Elizabeth R., 116 N.M. 416, 863 P.2d 451 (Ct.App.1993)).
Also, I disagree with the portion of the main opinion that concludes that, because this case involves the potential termination of parental rights and two separate custody petitions, “many, if not all, of the Alabama witnesses will provide evidence material to those issues.” This is not necessarily the case, as the juvenile court’s evidentiary hearing on remand may reveal.
However, I agree with the result in this case requiring the juvenile court to conduct an evidentiary hearing before deciding whether to transfer this case to the tribal court in Oklahoma.